## Commonwealth v. DeCosey

*William Kieser*, for Commonwealth.
*Peter T. Campana*, for defendant.

RAUP, *J.*, June 13, 1977—Before the court is the Commonwealth's application *in limine* to determine the applicability of the Fifth Amendment privilege to one Patricia Bohannon, a material witness for the Commonwealth.

The facts surrounding the application are these: On May 2, 1977, the witness appeared at the district attorney's office and, upon the advice of counsel, refused to answer questions regarding her anticipated testimony in the present case, and the witness indicated that if called at the trial of the case, she would plead the Fifth Amendment. This witness had previously been charged and tried on various counts of sale and possession of a controlled substance and of conspiracy including that of conspiring with defendant in this case. At her own trial, the witness testified and admitted the sale of a controlled substance obtained from defendant De-Cosey, but the witness raised the defense of entrapment. The jury did not accept the defense of entrapment and found the witness guilty on the charges of possession and sale of a controlled substance but not guilty on the conspiracy counts. Following sentence, no direct appeal was taken and the witness has not indicated an intention to seek collateral relief.

The issue before the court is whether, given the above facts, the witness is entitled to invoke the privilege against self-incrimination.[1]

---

1. Although a witness may have waived his privilege in one proceeding, this does not preclude him from asserting the privilege at another proceeding: Com. v. Rodgers, 472 Pa. 435, 372 A. 2d 771 (1977); Com. v. Reese, 467 Pa. 107, 354 A. 2d 573 (1976).

In Com. v. Rodgers, supra, it was held that where a conviction has been finalized on direct appeal, but the witness is preparing to seek collateral relief, the privilege against self-incrimination may be invoked. Here, however, no direct appeal was taken, and there is no contention by the witness that she is presently intending to collaterally attack her conviction, or even that she plans to do so. Under these circumstances we do not believe the witness may invoke the privilege.

Defendant further contends that she may plead the Fifth Amendment since she had in her prior trial been acquitted of the charge of conspiracy, and that while an acquittal would bar a subsequent prosecution for the same offense, this would occur only if the witness raised the defense of double jeopardy, as double jeopardy is an affirmative defense which must be raised at trial. For this proposition the witness relies upon the case of Com. v. Lenart, 430 Pa. 144, 242 A. 2d 259 (1968). In Lenart the court held that even though the statute of limitations had run a witness could invoke the privilege since unless the statute was raised by the witness, it would be waived. Whatever validity the Lenart doctrine may still have[2], we do not believe it

2. In Lenart only two justices joined in the reasoning of the court, three justices merely concurred in the result, and two justices in a concurring opinion would permit the witness to plead the privilege only where it is clear that prosecution would be barred by the statute. We would further note that of the present justices on the the court only three were on the court at the time of the Lenart decision, and none of those justices joined in the opinion of the court, as Justice Eagen concurred in the result, and Justice O'Brien wrote the concurring opinion

should apply to a situation where the witness has already been acquitted. The witness is clearly protected from further prosecution arising from the same criminal episode. It is simply inconceivable to the court that a prosecution would be begun on the chance that a conviction might result by failure to plead double jeopardy.

We therefore hold that under the circumstances of this case the witness, Patricia Bohannon, may not properly invoke the privilege against self-incrimination.[3]

## ORDER

And now, June 13, 1977, it is hereby ordered that at the trial of Albert DeCosey the witness, Patricia Bohannon, answer any and all questions put to her, the privilege of the plea of self-incrimination not being available to her.

---

which was joined by Justice Roberts. Moreover, since Lenart there has occurred a significant refinement and codification of the law relating to double jeopardy issues, thereby rendering unreasonable fears which may have previously been entertained about re-prosecution following an earlier acquittal/conviction: Com. v. Campana, 452 Pa. 233, 304 A. 2d 432 (1973); Pa.R.Crim.P. 110.

3. Our decision does not preclude the witness from having the trial court hold an evidentiary hearing to determine whether questioning could incriminate the witness as to crimes for which she has not yet been convicted or acquitted.