COMMONWEALTH of Pennsylvania,
Appellee,

v.

Steven TIELSCH.

**Appeal of Donald Geraci.**

Superior Court of Pennsylvania.

Argued Oct. 2, 2001.

Filed Nov. 28, 2001.

Reargument Denied Feb. 1, 2002.

Sally A. Frick, Pittsburgh, for appellant.

Robert A. Willig, Asst. Dist. Atty., Pittsburgh, for Com., appellee.

BEFORE: DEL SOLE, President Judge, LALLY–GREEN and TAMILIA, JJ.

DEL SOLE, President Judge:

¶ 1 Donald Geraci appeals from an order finding him guilty of direct criminal contempt for his refusal to testify as a Commonwealth witness in the trial of Steven Tielsch. We affirm.

¶ 2 During Tielsch's trial, the Commonwealth sought to call Appellant to testify based on statements he had made to law enforcement personnel. In the first statement, Appellant indicated he knew Tielsch, that during the mid to late 1980's Tielsch drove a late 1970's black Corvette t-top with pop-up headlights, and that Tielsch showed him several guns including one which was approximately two feet long with an extended magazine. In the second statement, Appellant related that he had been threatened by Tielsch because of his testimony in a federal grand jury case and his prospective testimony in the present case. Appellant's counsel stated that Appellant would not testify in conformity with these reports but would state that he had no personal knowledge of Tielsch, that his knowledge of Tielsch carrying guns is hearsay, that he was never in Tielsch's apartment, that he never saw Tielsch carrying a gun and that he was not threatened by Tielsch. Counsel argued that Appellant would assert his Fifth Amendment privilege against self-incrimination because his testimony would directly contradict the two police reports which could lead to his prosecution for either perjury or giving false information to law enforcement authorities. Counsel further argued that cross-examination might elicit testimony on Appellant's pending drug charges as well as a pending federal investigation. The trial court found Appellant's claim that his testimony would incriminate him was illusory and directed Appellant to testify. When Appellant still refused to testify, the trial court held him in contempt.

¶ 3 A witness may not be held in contempt for refusing to testify if the refusal is based on a **legitimate** exercise of the privilege against self-incrimination. *Commonwealth v. Reese,* 467 Pa. 107, 354 A.2d 573 (1976). However, a witness is not exonerated from testifying merely by declaring that doing so would be self-incriminating. *Commonwealth v. Carrera,* 424 Pa. 551, 227 A.2d 627 (1967). Rather, the trial court must evaluate the circumstances to determine whether the proposed use of the privilege is real or illusory. *Commonwealth v. Long,* 533 Pa. 388, 625 A.2d 630 (1993). The trial court's ruling in this regard will not be disturbed on appeal absent a showing of an abuse of discretion. *Id.*

¶ 4 A witness may not claim the privilege out of fear that he will be prosecuted for perjury for what he is about to say although he may do so if the new testimony might suggest he had perjured himself in a prior proceeding. *Id.* Appellant cannot therefore invoke the privilege because he fears he might be prosecuted for perjury based on his testimony in the present trial. His prior statements were not made in an "official proceeding," which is a required element of perjury. *See* 18

Pa.C.S.A. § 4902. Thus, his claim that his present testimony might lead to prosecution for perjury is illusory and was properly rejected by the trial court.

■ ¶ 5 Similarly, Appellant's claim the he could be prosecuted for making false reports to law enforcement personnel is unavailing. If Appellant testified in the present trial that his prior statements were false, that would be the only evidence available to establish the crime of making false reports. Since the *corpus delicti* rule prohibits the Commonwealth from obtaining a conviction when the only evidence is the defendant's confession, this claim is also illusory.

■ ¶ 6 Finally, Appellant argues that cross-examination might tend to incriminate him if the trial court allowed questioning into his current pending criminal charges and pending federal investigation. Such a claim, however, is premature. As the trial court noted, if questions are posed on cross-examination concerning matters for which Appellant can assert his Fifth Amendment privilege, he can do so at that time. There is no need for the trial court or this Court to speculate on what questions defense counsel will ask on cross-examination.

¶ 7 Since we find no abuse of discretion in the trial court's determination that Appellant could not properly invoke the Fifth Amendment to avoid testifying, we affirm the judgment of sentence imposed for the contempt conviction.

¶ 8 Judgment of sentence affirmed.