# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | |
|---|---|
| IN RE: THE THIRTY-FIFTH STATEWIDE INVESTIGATING GRAND JURY | : No. 18 MM 2015 |
| | : |
| | : |
| | : |
| PETITION OF: JOSHUA MORROW | : |

## ORDER

**PER CURIAM**

**AND NOW**, this 26th day of August, 2015, upon the request of the supervising judge for removal of the seal from all matters involving the 35th Statewide Investigating Grand Jury and the investigation of Attorney General Kathleen Kane which have been lodged in this Court, save for grand jury materials such as testimony, exhibits, and in camera proceedings, and based on the supervising judge's assurance that there are no present grand jury secrecy concerns relative to such unsealing, it is hereby **ORDERED** that the seal is lifted, in part, upon such terms.

THE SUPREME COURT OF PENNSYLVANIA

Filed in Supreme Court

JAN 2 2 2015

Middle

UNSEALED PER
ORDER OF THE
COURT DATED
AUGUST 26, 2015

PETITION FOR REVIEW

PETITION FOR REVIEW OF ORDER OF CONTEMPT AND ORDER
OVERRULING THE PETITIONER'S INVOCATION OF THE FIFTH AMENDMENT
BEFORE THE INVESTIGATING GRAND JURY

M.D. Misc. Dkt.

1 8 2015

**SEALED**

| | |
|---|---|
| In re The Thirty-Fifth Statewide Investigating Grand Jury (Petition of Joshua Morrow) | Petition for Review of Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment Before the Investigating Grand Jury |
| Supreme Court of Pennsylvania No. 176 M.D. Misc. Dkt. 2012 | |
| Montgomery County Common Pleas M.D. 2644-2012 | |

Catherine M. Recker
Attorney ID No. 56813
Welsh & Recker, P.C.
Suite 2903
2000 Market Street
Philadelphia, PA 19103
cmrecker@welshrecker.com
215-972-6430

Counsel for Joshua Morrow

Received In Supreme Court

JAN 3 0 2015

Middle

RECEIVED

JAN 2 6 2015

SUPREME COURT
EASTERN DISTRICT

# TABLE OF CONTENTS

Table of Citations ................................................................................................ i

Introduction ...................................................................................................... 1

The Party Seeking Review .................................................................................. 1

Jurisdiction ....................................................................................................... 1

The Court Below ............................................................................................... 2

The Orders to be Reviewed ................................................................................ 2

Statement of Objections to the Orders Below .................................................... 3

The Relief Sought ............................................................................................. 3

<u>Exhibits</u>

Enclosure Letter of William R. Carpenter, Supervising Judge,
35th Statewide Investigating Grand Jury, to Chief Justice Castille regarding
Order Appointing Special Prosecutor, May 29, 2014 ....................................... Exhibit 1A

35th Statewide Investigating Grand Jury Subpoena for Testimony,
No. 1639, December 3, 2013 ........................................................................... Exhibit 1B

Disclosure Order, Sealing Order, and Transcript of January 12, 2015 Order ............. Exhibit 1C

35th Statewide Investigating Grand Jury Presentment No. 60 ............................... Exhibit 1D

Order Accepting Presentment No. 60, by William R. Carpenter,
Supervising Judge, 35th Statewide Investigating Grand Jury ............................... Exhibit 1E

Opinion of William R. Carpenter, Supervising Judge,
35th Statewide Investigating Grand Jury, December 30, 2014 ............................. Exhibit 1F

Philadelphia Inquirer Article, January 8, 2015, "Grand Jury
Recommends Criminal Charges Against Kane" ................................................ Exhibit 1G

Brief in Support of Petition for Review of Contempt Order and Order
Overruling the Petitioner's Invocation of the Fifth Amendment Before
the Investigating Grand Jury ........................................................................... Exhibit 2

# TABLE OF CITATIONS

## Cases

*Ben v. Schwartz*, 556 Pa. 475, 729 A.2d 547 (1999) ....................................... 2

*Commonwealth v. Harris*, 32 A.3d 243 (2011) ........................................... 2

## Statutes

Pa. R.A.P. 313 ............................................................................ 2

Pa. R.A.P. 313(a) ........................................................................ 2

Pa. R.A.P. 341 ............................................................................ 2

Pa. R.A.P. 1512 .......................................................................... 1

Pa. R.A.P. 1512(b)(3) .................................................................... 2

Pa. R.A.P. 3331(a)(3) .................................................................... 1

# IN THE SUPREME COURT OF PENNSYLVANIA

| | |
|---|---|
| In re The Thirty-Fifth Statewide Investigating Grand Jury (Petition of Joshua Morrow) | Petition for Review of Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment Before the Investigating Grand Jury |
| Supreme Court of Pennsylvania No. 176 M.D. Misc. Dkt. 2012 | |

Montgomery County Common Pleas
M.D. 2644-2012

## PETITION FOR REVIEW OF CONTEMPT ORDER AND ORDER OVERRULING THE PETITIONER'S INVOCATION OF THE FIFTH AMENDMENT BEFORE THE INVESTIGATING GRAND JURY

### I. INTRODUCTION

1. This is a Petition for Review by grand jury witness Joshua Morrow from a final contempt order entered on January 12, 2015 by the Court of Montgomery County Court of Common Pleas (Carpenter, J.). The lower court found Petitioner in civil contempt holding that he could not invoke his constitutional rights under the Fifth Amendment rights in response to certain questions posed to him before the grand jury. This Petition for Review is filed under Pennsylvania Rule of Appellate Procedure 3331(a)(3), incorporating the provisions of Rule 1512.

### II. THE PARTY SEEKING REVIEW

2. The party seeking review is Joshua Morrow, a witness before the investigating grand jury for Montgomery County.

### III. JURISDICTION

3. This is a petition for review of an order finding the petitioner in contempt of court for having respectfully refused to comply with an order entered on the basis of the lower court's

Received In Supreme Court

JAN 3 0 2015



finding that the petitioner may not invoke his rights under the Fifth Amendment to the United States Constitution. Accordingly, the order in the court below is final under Pa. R.A.P. 341.

4. Moreover and in the alternative, "orders overruling claims of privilege and requiring disclosure are immediately appealable under Pa. R.A.P. 313." *Commonwealth v. Harris*, 32 A.3d 243, 251 (2011) (reaffirming *Ben v. Schwartz*, 556 Pa. 475, 729 A.2d 547 (1999)). Pennsylvania Rule of Appellate Procedure 313(a) provides that "[a]n appeal may be taken as of right from a collateral order of . . . [a] lower court."

5. This Petition for Review is timely as it is filed within ten days of the lower court's contempt order and order that the petitioner may not invoke his constitutional rights under the Fifth Amendment in response to certain questions put to him before the grand jury. Both orders were entered on January 12, 2015. *See* Pa. R.A.P. 1512(b)(3) (requiring the filing of a petition for review within ten days of the entry of a grand jury order).

6. Accordingly, this Court has jurisdiction over this appeal.

## IV. THE COURT BELOW

7. The court below is the Honorable William R. Carpenter of the Montgomery County Court of Common Pleas.

## V. THE ORDERS TO BE REVIEWED

8. The orders sought to be reviewed are an order of January 12, 2015, finding the petitioner in civil contempt for refusing to comply with the lower court's order that he testify, and the lower court's order that he may not invoke his constitutional rights under the Fifth Amendment in response to certain questions put to him before the grand jury. In support hereto, attached and incorporated herein is Exhibit 1 to the Petition.

2

## VI.   STATEMENT OF OBJECTIONS TO THE ORDERS BELOW

9.     Petitioner objects to the orders of the lower court on the ground that the lower court erred in ruling that the petitioner may not rely upon his Fifth Amendment rights in refusing to answer questions before the grand jury.

## VII.   THE RELIEF SOUGHT

10.     Petitioner asks this Court to hold that the Fifth Amendment provided just cause for his refusal to answer certain questions in the grand jury and requests an order reversing the finding of civil contempt.  A Brief in Support of this Petition is attached as Exhibit 2 to the Petition.

Respectfully Submitted,

Date: January 22, 2015

Catherine M. Recker
Attorney ID No. 56813
Welsh & Recker, P.C.
Suite 2903
2000 Market Street
Philadelphia, PA 19103
cmrecker@welshrecker.com
215-972-6430

Counsel for Joshua Morrow

3

# Exhibit 1

**Exhibit  A**

PRESIDENT JUDGE
  WILLIAM J. FURBER, JR.
ASSOCIATE JUDGES
  JOSEPH A. SMYTH
  STANLEY R. OTT
  BERNARD A. MOORE
  WILLIAM R. CARPENTER
  RHONDA LEE DANIELE
  EMANUEL A. BERTIN
  THOMAS M. DELRICCI
  R. STEPHEN BARRETT
  THOMAS C. BRANCA
  STEVEN T. O'NEILL
  THOMAS P. ROGERS
  GARRETT D. PAGE
  KELLY C. WALL
  CAROLYN TORNETTA CARLUCCIO
  WENDY DEMCHICK-ALLOY
  PATRICIA E. COONAHAN
  LOIS EISNER MURPHY
  GARY S. SILOW
  RICHARD P. HAAZ
  CHERYL L. AUSTIN
  GAIL A. WEILHEIMER
  STEVEN C. TOLLIVER, SR.



**COURT OF COMMON PLEAS**

**MONTGOMERY COUNTY**
THIRTY-EIGHTH JUDICIAL DISTRICT
**NORRISTOWN, PENNSYLVANIA**
**19404**

SENIOR JUDGES
  WILLIAM T. NICHOLAS
  S. GERALD CORSO
  CALVIN S. DRAYER, JR.
  KENT H. ALBRIGHT
  ARTHUR R. TILSON

May 29, 2014

The Honorable Ronald D. Castille
Chief Justice of Pennsylvania
Supreme Court of Pennsylvania
1818 Market Street, Suite 3730
Philadelphia, PA 19103

Re: Statewide Investigating Grand Juries

Dear Chief Justice:

Enclosed you will find an Order appointing a Special Prosecutor to investigate an allegation that secret Grand Jury information from a prior Grand Jury was released by someone in the Attorney General's Office.

As the current supervising Grand Jury Judge, this matter was brought to my attention. My preliminary review included in camera sealed testimony from two individuals with knowledge.

I have decided that the matter is important enough to appoint a Special Prosecutor, Thomas E. Carluccio, Esquire. He is a former prosecutor, served in the Department of the Attorney General in Delaware for fourteen years and a Special Assistant United States Attorney. In addition Tom has done Grand Jury work, and is honest, capable and reliable.

Please call me if you would like to discuss this matter further.

Please advise if you feel that I am in error or have exceeded my authority as the Supervising Grand Jury Judge.

Sincerely,

William R. Carpenter, J.
Supervising Judge

WRC/cns
Cc. Thomas E. Carluccio, Esquire

# Exhibit B



# Commonwealth of Pennsylvania

## STATEWIDE INVESTIGATING GRAND JURY
## ——— SUBPOENA ———

TO:    JOSHUA MORROW          :SUPREME COURT OF PENNSYLVANIA
                              :NO. 176 M.D. MISC. DKT. 2012
                              :MONTGOMERY COUNTY COMMON PLEAS
                              :M.D. 2644-2012

1.    YOU are ORDERED to appear as a witness before the PENNSYLVANIA STATEWIDE INVESTIGATING GRAND JURY, 1000 Madison Avenue (corner of Trooper and Van Buren Roads), Third Floor, Norristown, Pennsylvania, on Monday, January 12, 2015 through Friday, January 16, 2015, at 8:00 O'clock A.M. to testify and give evidence regarding alleged violations of the laws of the Commonwealth of Pennsylvania and to remain until excused.

2.    YOU are further ORDERED:

FAILURE to attend may cause a warrant to be issued for your arrest and will make you liable under penalty of law for contempt of Court.

DATED: December 3, 2014

*William R. Carpenter*

_____
Hon. William R. Carpenter
*Supervising Judge*

If you have any questions about your appearance, contact Special Prosecutor Thomas Carluccio, at 484.674.2899.

Notice:    123              Subpoena: 1639

# CERTIFICATION OF SERVICE

I HEREBY CERTIFY that the original subpoena was duly served on the person named herein on this _____ day of _____, 20___ at _____ o'clock by handing the same to him/her personally at

_____

OR

Individual accepting service on behalf of witness

_____

Service accepted at

_____


NAME of person making service _____

TITLE of person making service _____

SIGNATURE _____


SWORN to and subscribed

before me this _____ day

of _____, 20___.



_____
Notary Public

RemainsUnder Seal
August 26, 2015

# Exhibit C

# Exhibit D

# IN THE COURT OF COMMON PLEAS
# MONTGOMERY COUNTY, PENNSYLVANIA

IN RE:

THE THIRTY-FIFTH  STATEWIDE

INVESTIGATING GRAND JURY

:    SUPREME COURT OF PENNSYLVANIA
:    NO. 171  M.D.D MISC.  KT 2012
:
:    MONTGOMERY COUNTY COMMON PLEAS
:    M.D. 2644-2012
:
:    NOTICE No # 123
:

## TO THE HONORABLE  WILLIAM  R. CARPENTER, SUPERVISING JUDGE:

### PRESENTMENT No. # 60

We, the Thirty-Fifth Statewide Investigating Grand Jury, duly charged to inquire into offenses against the criminal laws of the Commonwealth, have obtained knowledge of such matters from witnesses sworn by the Court and testifying before us.  We find reasonable grounds to believe that various violations of the criminal laws have occurred.  So finding with no fewer than twelve concurring, we do hereby make this Presentment to the Court.

_____

Foreperson – The Thirty-Fifth Statewide
Investigating Grand Jury

DATED: The 18 day of December, 2014

# Exhibit E

IN THE COURT OF COMMON PLEAS
MONTGOMERY COUNTY, PENNSYLVANIA

IN RE:                           : SUPREME COURT OF PENNSYLVANIA
                                     : NO. 171 M.D. MISC DKT. 2012

THE THIRTY-FIVE STATEWIDE     :
                                       : MONTGOMERY COUNTY COMMON PLEAS

INVESTIGATING GRAND JURY       : M.D. 2644-2012
                                         :
                                         : NOTICE NO. 123

## <u>ORDER ACCEPTING PRESENTMENT NO #60</u>

A.     The Court finds Presentment No #60 of the Thirty-Fifth Statewide Investigating Grand Jury is within the authority of said Grand Jury and is in accordance with the provisions of this Investigating Grand Jury Act, 42 Pa.C.S. §4541, *et seq.* Further I find that the determination of the Thirty-Fifth Statewide Investigating Grand Jury is supported by Probable Cause and establishes a Prima Facie case against Attorney General Kathleen Kane. Accordingly, this Presentment is accepted by the Court.

B.     The County conducting the trial of all charges pursuant to this Presentment shall be Montgomery County.

C.     The District Attorney for Montgomery County, or her designee, is hereby authorized to prosecute as recommended in the Presentment by instituting appropriate criminal proceedings in the aforesaid County.

SO ORDERED this <u>19</u>th day of December, 2014.

BY THE COURT:

_____
WILLIAM R. CARPENTER,        J.
**Supervising Judge**

EXHIBIT C

Exhibit  F

**FILED UNDER SEAL**

## IN THE SUPREME COURT OF PENNSYLVANIA
### MIDDLE DISTRICT

| | |
|---|---|
| IN RE: | : |
| | : SUPREME COURT DOCKET |
| THE THIRTY-FIFTH STATEWIDE | : NO. 197 MM 2014 |
| INVESTIGATING GRAND JURY | : |
| | : MONTGOMERY COUNTY |
| | : COMMON PLEAS |
| | : NO. 2644-2012 |

### OPINION

CARPENTER J.                                          DECEMBER 30, 2014

### FACTUAL AND PROCEDURAL HISTORY

On May 29, 2014, this Court in its capacity as Supervising Judge of the Thirty-Fifth Statewide Investigating Grand Jury, found that there were "reasonable grounds to believe a further more substantive investigation" into allegations that statewide Grand Jury secrecy may have been compromised was warranted, and on that date this Court appointed Thomas E. Carluccio, Esquire as Special Prosecutor.

Specifically, the May 29, 2014 Order followed an *in camera* proceeding which established that there was a leak of secret Grand Jury information and that the leak most likely came from the Office of the Attorney General. Accordingly, I determined that the appointment of a Special Prosecutor was necessary and appropriate.

### ISSUES

I.     Whether the appointment of a Special Prosecutor was proper.

II.    Whether the Quo Warranto Action is now moot.

## DISCUSSION

I.   The appointment of a Special Prosecutor was proper.

Attorney General Kathleen Kane has filed a *Quo Warranto* Action, challenging my action as the Supervising Judge of the Thirty-Fifth Statewide Grand Jury, to appoint a Special Prosecutor by way of an Order dated May 29, 2014. On that date, Special Prosecutor Thomas E. Carluccio was appointed to conduct an investigation into allegations that statewide Grand Jury secrecy might have been compromised, after a preliminary investigation. My action in appointing Special Prosecutor Carluccio was proper. It did not exceed my authority.

My authority for the appointment of a special prosecutor is based upon the case of In re Dauphin County Fourth Investigating Grand Jury, 610 Pa. 296, 19 A.3d 491 (2014). This case dealt with the appointment of an special prosecutor in connection with alleged grand jury leaks, and the Court stated that, "[w]hen there are colorable allegations or indications that the sanctity of the grand jury process has been breached and those allegations warrant investigation, the appointment of a special prosecutor to conduct such an investigation is appropriate. And, even where the investigations of special prosecutors do not lead to prosecutable breaches of secrecy, they may provide insight into the often-competing values at stake, as well as guidance and context so that prosecutors and supervising judges conducting future proceedings may learn from the examples." Id. at 504.

The Court explained the vital role a supervising judge in regard to the grand jury process and emphasized the "[t]he very power of the grand jury, and the secrecy in which it operates, call for a strong judicial hand in supervising the proceedings" Id. at 503. The Court further explained as follows:

2

We are cognizant that the substantial powers exercised by investigating grand juries, as well as the secrecy in which the proceedings are conducted, yield[ ] the potential for abuses. The safeguards against such abuses are reflected in the statutory scheme of regulation, which recognizes the essential role of the judiciary in supervising grand jury functions.

Id. at 503 – 504 (citing from In re Twenty-Fourth Statewide Investigating Grand Jury, 589 Pa. 89, 907 A.2d 505, 512 (2006).

Thus, Pennsylvania's grand jury process is 'strictly regulated,' and the supervising judge has the singular role in maintaining the confidentiality of grand jury proceedings. The supervising judge has the continuing responsibility to oversee grand jury proceedings, a responsibility which includes insuring the solemn oath of secrecy is observed by all participants.

Id. at 504 (citations and internal quotation marks omitted).

The In re Dauphin County Court cited two cases that involved the appointment of a special prosecutor when there were allegations of grand jury leaks. The Court first cited to a Lackawanna Common Pleas Court case, In re County Investigating Grand Jury VIII (Lack. Com. Pl. 2005).

In the Lackawanna Common Pleas Court case there were allegations made, including, that e-mail communications had been exchanged between the Lackawanna District Attorney's Office and a newspaper reporter that divulged grand jury information, that a grand jury witness had been contacted by the reporter a short time after the witness appeared before the grand jury and was questioned about private matters that had been disclosed only to the grand jury. In re Dauphin County, 19 A.3d at 504. A preliminary review by the common pleas court judge verified only the existence of the emails that were exchanged between the reporter and a member of the District Attorney's office during the time the grand jury was conducting the relevant investigation. It was based upon this review that the common pleas court judge appointed a special prosecutor to investigate the allegations of a grand jury leak. Id.

3

The Pennsylvania Supreme Court in In re Dauphin County cited an additional example involving a special prosecutor in connection with alleged grand jury leaks and the complex interest and values implicated in an appointment of an special prosecutor. The Court cited to Castellani v. Scranton Times, 598 Pa. 283, 956 A.2d 937 (2008). In Castellani, the supervising judge appointed a special prosecutor to investigate allegations of grand jury leaks in connection with a statewide investigating grand jury tasked with investigating allegations of abuse of the county prisoners by the prison guards. In re Dauphin County, 19 A.3d at 506.

Not only is there strong precedent that permits a supervising judge to appoint a special prosecutor when there are allegations of grand jury leaks; but also, at the time I appointed the Special Prosecutor on May 29, 2014, by way of a court order, which was delivered to Chief Justice Ronald D. Castille, I wrote a letter to Chief Justice Castille. In that letter, I explained what I had done and I ended the letter with the following language, "Please advise if you feel that I am in error or have exceeded my authority as the Supervising Grand Jury Judge." See, Exhibit "A", Letter dated May 29, 2014 to Chief Justice Castille. All of my letters to Chief Justice Castille have concluded with similar language. I have never been informed that I erred or exceeded my authority.

The Supervising Judge of a Statewide Investigating Grand Jury must have inherent authority to investigate a grand jury leak, when there is a conflict of interest as there is here. Clearly, Attorney General Kane could not investigate herself. Otherwise potentially serious violations of grand jury secrecy could go unaddressed.

Accordingly, Attorney General Kane's *Quo Warranto* Action lacks merit, and should be denied.

II.     The Quo Warranto Action is now moot.

Further, I believe that this *Quo Warranto* Action is now moot. On December 18, 2014, the Thirty-Fifth Statewide Investigating Grand Jury issued Presentment No. #60, finding

4

that there were reasonable grounds that Attorney General Kane was involved in violations of criminal law of our Commonwealth. See, Exhibit "B", Presentment No. #60, dated December 18, 2014; specifically, Perjury, 18 Pa.C.S.A. §4902, False Swearing, 18 Pa.C.S.A. §4903, Official Oppression, 18 Pa.C.S.A. §5301 and Obstruction Administration of Law or Other Governmental Function, 18 Pa.C.S.A. §5101. Subsequently, on December 19, 2014, I entered an Order Accepting Presentment No. #60. See, Exhibit "C", Order Accepting Presentment No. #60, dated December 19, 2014. Furthermore, I referred the entire matter to the District Attorney of Montgomery County for any prosecution. Therefore, this Quo Warranto Action has been rendered moot.

Finally, the Attorney General has requested to "unseal this filing" See, Attorney General Kane's Memorandum of Law In Support of *Quo Warranto* Action, December 17, 2014, p. 2, n. 1. If her filing is unsealed then, in fairness to the public, the members of the Grand Jury, and members of The Office of Attorney General, my Opinion and Exhibits should also be unsealed.

## CONCLUSION

I respectfully submit that Attorney General Kane's *Quo Warranto* Action lacks merit and should be denied. In addition, it has been rendered moot.

**BY THE COURT:**

**WILLIAM R. CARPENTER          J.**
SUPERVISING JUDGE OF THE THIRTY-FIFTH STATEWIDE INVESTIGATING GRAND JURY

5

Exhibit G

**39**° | Philadelphia, PA
Bolaris' Forecast



🏠 | News | Sports | Entertainment | Business | Opinion | Food | Lifestyle | Health | More

BREAKING   NEWS VIDEO   VOICES/BLOGS   PHILADELPHIA NEWS   NEW JERSEY   POLITICS   EDUCATION   OBITUARIES   NATION/WORLD   WEATHER   TRAFFIC   LOTTERY



**HARRY'S**

HANDSOMER          SHARPERER          LESS EXPENSIVER          SHOP NOW

# Grand jury recommends criminal charges against Kane

788 COMMENTS



*Attorney General Kathleen Kane recites the Pledge of Allegiance while attending the state House of Representatives' swearing-in in Harrisburg on Tuesday, January 6, 2015. ( DAVID SWANSON / Staff Photographer )*


**Female Athletes With Better Butts Than Kim Kardashian**


**Buffett's Empire Is In Peril... And He Knows It!**


**40 Sexiest and Most Revealing Celebrity Selfies!**


**53 Celeb Bikini Fails That Will Have You Doing A Double Take...**


**Unique Method Regrows Lost Hair (Do This Daily)**


**Stop buying junk cars! Photos of the best 5 most reliable cars. Stop getting huge mechanic bills now**

Advertisement



**GALLERY: Grand jury recommends criminal charges against Kane**

**Craig R. McCoy and Angela Couloumbis, Inquirer Staff Writers**
LAST UPDATED: Thursday, January 8, 2015, 11:01 PM
POSTED: Thursday, January 8, 2015, 3:05 PM

**The Inquirer**

The special prosecutor and grand jury investigating allegations that Pennsylvania Attorney General Kathleen G. Kane leaked secret information to a newspaper have found evidence of wrongdoing and recommended that she be criminally charged, according to numerous people familiar with the decision.

The panel concluded that Kane violated grand-jury secrecy rules by leaking investigative material in a bid to embarrass political enemies, sources said.

Some of those familiar with the grand jury presentment say it

*Latest News Video*

**More videos:**

  



recommended charges that included perjury and contempt of court.

The statewide grand jury, sitting in Norristown, has turned over its findings to Montgomery County District Attorney Risa Vetri Ferman, who must decide whether to affirm its findings and arrest Kane, the state's top law enforcement official.

**Kathleen Kane Speaks Out After Porn Scandal**
CBS Pittsburgh

**Pittsburgh**



MORE COVERAGE

**Statement from Attorney General Kane**

**Could grand-jury leaks be coming from within?**

**Castille on Kane: No one 'out to get her'**

**AG Kathleen Kane files for divorce**

**For AG Kane, stakes in probe run high**

**State rep. calls for Kane's impeachment**

Ferman declined to comment Thursday.

If the prosecutor files a criminal case, it would represent a stunning fall for Kane, 48, who won in a landslide in 2012 to become the first woman and Democrat elected attorney general.

Kane has denied breaking any laws in releasing the investigative material.

"The attorney general has done nothing wrong or illegal and, to my knowledge, there is no credible evidence that she has," her lawyer, Lanny J. Davis, said in a statement Thursday. "She told the truth to the grand jury at all times. I hope the district attorney will reach same conclusion."

Kane's tenure has been marked by controversy over the last year, much of it generated by an Inquirer disclosure that she had secretly shut down an undercover "sting" investigation that had caught elected officials from Philadelphia on tape accepting cash.

That case was resurrected by Philadelphia District Attorney Seth Williams, who has charged a former Traffic Court judge and two state legislators with bribery.

If Kane is arrested, she would become the second Pennsylvania attorney general in modern history to face criminal charges. Ernest Preate Jr., a Republican, resigned in 1995 after pleading guilty to federal charges in connection with an illegal $20,000 cash contribution.

## Travel Deals



**$2599 – Balcony: 7-Nt. Caribbean Cruise on Oceania w/Air**

See all travel deals »

LISTED BY **TRAVELZOO**
*Some taxes, fees additional

### Most Viewed News Stories:


**Snow in region lighter than expected**


**Detective dies from injuries in N.J. crash**


**Documents: Grand jury recommends perjury charge, more for AG Kane**


**Store clerk shot in face in robbery**


**Bolaris: Snow today, but how much?**

HOVER FOR CIRCULAR

HOVER FOR CIRCULAR



### Also on Philly.com

**BUSINESS:**

**Is HoloLens the next big thing - or the next 3D TV?**

**HEALTH:**
**Data reveals Philly's favorite places to run**

An arrest would not affect Kane's status as attorney general. Under the state constitution, elected officials who are charged with a crime may remain in office until they are both convicted and sentenced.

In his statement Thursday, Davis questioned how The Inquirer learned about the grand jury's recommendation: "I wonder why the supervising judge who appointed the special prosecutor to investigate the attorney general hasn't initiated a grand jury investigation of this leak or any of the other previous leaks from this same grand jury process."

For about six months, special prosecutor Thomas E. Carluccio has been directing the grand jury as it has heard testimony from numerous witnesses, including Kane and many of her top aides, to determine how details of a long-ago investigation of a Philadelphia civil rights leader appeared in a Philadelphia Daily News article in June.

The article suggested that a former state prosecutor, Frank G. Fina, had fumbled that investigation, and the leak appeared designed to raise questions about his competence.

Fina and Kane have been embroiled in a months-long dispute about how each handled cases, including the sting investigation. Fina, once the top public-corruption prosecutor in the Attorney General's Office, launched the sting in 2010, before Kane took office.

Kane has acknowledged that she knew some material from her office was given to the newspaper, but said the material she approved for release was not grand jury information. Her allies have suggested that her staff may have erred by providing additional prohibited information without her knowledge.

The Daily News article provided details of a 2009 investigation by state prosecutors that looked into financial matters involving J. Whyatt Mondesire, then the head of the Philadelphia chapter of the NAACP. Mondesire was never charged or publicly named as a subject of a probe until the Daily News story.

He has said he did nothing wrong, and has denounced the article and leak as unfairly damaging to his reputation.

The grand jury investigation of the leak was approved by former Chief Justice Ronald D. Castille at the request of William R. Carpenter, a Montgomery County Court judge.

Carpenter, a former prosecutor, presides over a statewide investigative grand jury - one that looks into matters involving Philadelphia and surrounding counties - that is the successor jury to the one involved with the Mondesire matter six years ago.

Carpenter appointed Carluccio, a criminal defense lawyer in Plymouth Meeting and former prosecutor in Delaware, as special prosecutor.



**SPORTS:**



Where will Phils prospects play?

**ENTERTAINMENT:**



50 Cent cheers on Philly boxer

**FOOD:**



Burger fantasies come to life at Rex 1516

**JOBS:**



6 high-satisfaction jobs that pay more than $100K a year

*Stay Connected*

*Get the latest Philly.com Daily Headlines newsletter delivered to your email. Sign up now!*

Enter email address to sign up

Already a philly.com member?   ○ Yes   ○ No

Efforts to reach Carpenter and Carluccio were not successful Thursday.

Ferman, Castille, Carpenter, and Carluccio are Republicans.

Kane has suggested that the grand jury investigation was a partisan attack, a complaint rejected by Castille.

Castille, who retired from the bench Jan. 1, said he had approved numerous leak investigations during his 21 years on the high court.

In ordinary circumstances, prosecutors from the Attorney General's Office present cases to Carpenter's grand jury, and the Attorney General's Office later makes an arrest based on the panel's recommendation.

In this unusual leak investigation, however, the judge handed Ferman the role of prosecutor because she is district attorney in the county in which the grand jury meets.

Ferman is conducting an independent review of the grand jury presentment, sources say, a process that could take several months.

Philadelphia lawyer L. George Parry, a former prosecutor, said it made sense for Ferman to dig into the facts independently.

While arrests are typically made immediately after a presentment has been issued, Parry said, "this is really an unusual situation.

"I wouldn't fault her at all for wanting to review this," he said. "They are dropping a real hot potato on her. If, in fact, there is a presentment that calls for charging the attorney general of Pennsylvania, I would think that any responsible adult would want to read over things very carefully before committing to take on the case."

Ferman announced this week that she would run for a county judgeship in November and would serve out her term as district attorney.

While highly unusual, the prospect of a county prosecutor bringing a case against a statewide official is not unprecedented nationwide.

In August, a special prosecutor appointed by a judge charged Texas Gov. Rick Perry, a Republican, with two felonies for allegedly trying to force a Democratic district attorney out of office. Perry and other Republicans, and even some Democrats, have criticized the charges as political.

---

cmccoy@phillynews.com

215-854-4821 @CraigRMcCoy

# Exhibit 2

Brief in Support of
Petition for Review

# IN THE SUPREME COURT OF PENNSYLVANIA

In re The Thirty-Fifth Statewide
Investigating Grand Jury
(Petition of Joshua Morrow)

Supreme Court of Pennsylvania
No. 176 M.D. Misc. Dkt. 2012

Montgomery County Common Pleas
M.D. 2644-2012

Brief in Support of Petition for Review of
Contempt Order and Order Overruling
the Petitioner's Invocation of the
Fifth Amendment Before the
Investigating Grand Jury

## BRIEF IN SUPPORT OF PETITION FOR REVIEW OF CONTEMPT ORDER AND ORDER OVERRULING THE PETITIONER'S INVOCATION OF THE FIFTH AMENDMENT BEFORE THE INVESTIGATING GRAND JURY

## INTRODUCTION

The government's power to compel testimony before grand juries is not absolute. *Kastigar v. United States*, 406 U.S. 441, 444 (1972). "There are a number of exemptions from the testimonial duty, the *most important* of which is the Fifth Amendment privilege against compulsory self-incrimination." *Id.* (emphasis added).

> The privilege reflects a complex of our fundamental values and aspirations, and marks an important advance in the development of our liberty. It can be asserted in any proceeding, civil or criminal, administrative or judicial, investigatory or adjudicatory; and it protects against any disclosures which the witness reasonably believes could be used in a criminal prosecution or could lead to other evidence that might be so used.

*Id.* at 444-45.

The applicable standard to determine the availability of the Fifth Amendment is set forth in *Ohio v. Reiner* where the Supreme Court stated that the privilege extends to "witnesses who have reasonable cause to apprehend danger from a direct answer." 532 U.S. 17, 21 (2001) (internal quotation marks omitted). "The privilege afforded not only extends to answers that

would in themselves support a conviction under a federal criminal statute but likewise embraces those which would furnish a link in the chain of evidence needed to prosecute the claimant for a federal crime." *Hoffman v. United States*, 341 U.S. 479, 486 (1951).

Far from requiring an admission of guilt by the witness, the Fifth Amendment standard permits the invocation of the privilege by a witness professing innocence:

> [W]e have never held… that the privilege is unavailable to those who claim innocence. To the contrary, one of the Fifth Amendment's "basic functions… is to protect innocent men…'who might otherwise be ensnared by ambiguous circumstances.'"

*Reiner*, 532 U.S. at 21. "Too many, even those who should be better advised, view this privilege as a shelter for wrongdoers. They too readily assume that those who invoke it are either guilty of crime or commit perjury in claiming the privilege." *Grunewald v. United States*, 353 U.S. 391, 421 (1957). "Innocent men are more likely to plead the privilege in secret proceedings, where they testify without advice of counsel and without opportunity for cross-examination, than in open court proceedings, where cross-examination and judicially supervised procedure provide safeguards for the establishing of the whole, as against the possibility of merely partial, truth." *Id.* at 422-23.

## PROCEDURAL HISTORY

The Thirty-Fifth Statewide Investigating Grand Jury was convened to investigate whether "Grand Jury information from a prior Grand Jury was released by someone in the Attorney General's Office." *See* Exhibit 1A attached to Petition for Review and incorporated herein. On January 12, 2015, Petitioner testified pursuant to subpoena No. 1369, dated January 7, 2015. *See* Exhibit 1B attached to Petition for Review and incorporated herein.[1] During the course of his

---

[1] Petitioner also testified on November 14, 2014 and November 21, 2014 pursuant to subpoena dated October 29, 2014, Notice No. 123, Subpoena No. 1497.

2

testimony, Petitioner was questioned about the frequency of communication, including text messages, with the Attorney General. In response to these questions, Petitioner invoked his constitutional right against being compelled to be a witness against himself as set forth in the Fifth Amendment of the United States Constitution.

The parties presented argument to the Honorable William R. Carpenter, supervising Judge of the Thirty-Fifth Statewide Investigating Grand Jury. The Special Prosecutor asserted that Petitioner's Fifth Amendment privilege would only relate to whether "he was *going* to perjure himself, not to implicate himself in a crime" because there was no evidence that Petitioner "had any reason to be obligated by grand jury secrecy" with respect to the leak of information from the prior grand jury. *See* Exhibit 1C to Petition for Review and incorporated herein, Master Transcript of Proceedings of Grand Jury, January 12, 2015, p.13 (emphasis added). In other words, in the view of the Special Prosecutor, Petitioner invoked the privilege *in anticipation* of testimony that would be false.

Counsel for Petitioner argued that the issue was not one of anticipatory perjury, but rather, Petitioner refused to testify because any testimony regarding communication with the Attorney General could open the door to or provide a link in a chain of evidence that may support an inference that the Attorney General engaged in an effort with Petitioner to craft his prior grand jury testimony or craft explanations. This would necessarily involve communication between them that previously took place by phone, text and email message, given that Petitioner and the Attorney General did not live or work in the same city. Counsel for Petitioner cited to phone records related to communications between him and the Attorney General that could give rise to this inference. Phone records would reveal that Petitioner and the Attorney General communicated in close proximity to the dates on which he testified before the grand jury.

The court held that Petitioner's exercise of the Fifth Amendment was "illusory, not a proper exercise" of the privilege and held Petitioner in contempt. *Id. at* p. 14. The court stayed the contempt order "pending review by the higher court." *Id.* at p. 15.

## JURISDICTION

This is a petition for review of an order finding the Petitioner in contempt of court for having respectfully refused to comply with an order entered on the basis of the lower court's finding that the petitioner may not invoke his rights under the Fifth Amendment to the United States Constitution. Accordingly, the order in the court below is final under Pa. R.A.P. 341. Moreover and in the alternative, "orders overruling claims of privilege and requiring disclosure are immediately appealable under Pa. R.A.P. 313." *Commonwealth v. Harris*, 32 A.3d 243, 251 (2011) (reaffirming *Ben v. Schwartz*, 556 Pa. 475, 729 A.2d 547 (1999)). Pennsylvania Rule of Appellate Procedure 313(a) provides that "[a]n appeal may be taken as of right from a collateral order of . . . [a] lower court." This petition is timely as it is filed within ten days of both the lower court's contempt order, which was entered on January 12, 2015. *See* Pa. R.A.P. 1512(b)(3) (requiring the filing of a petition for review within ten days of the entry of a grand jury order). Accordingly, this Court has jurisdiction over this Petition.

## STANDARD OF REVIEW

The standard of review is whether the lower court abused its discretion. *Commonwealth v. Tielsch*, 2001 PA Super 335, ¶ 3, 789 A.2d 216, 217 (2001).

## ARGUMENT

Pennsylvania law recognizes that a witness possesses a privilege against self-incrimination. *Commonwealth v. Long*, 533 Pa. 388, 625 A.2d 630 (1993); *Commonwealth v. Field*, 231 Pa. Super. 53, 63, 331 A.2d 744, 749 (1974) ("The fifth amendment privilege does

4

apply to grand jury proceedings and the grand jury may not itself violate a valid privilege whether established by the Constitution, statutes or common law."). A witness may not be held in contempt for refusing to testify if the refusal is based on a legitimate exercise of the privilege against self-incrimination. *Commonwealth v. Reese,* 467 Pa. 107, 354 A.2d 573 (1976). The trial court must evaluate the circumstances to determine whether the proposed use of the privilege is real or illusory. *Long,* 533 Pa. 388, 625 A.2d 630.

Petitioner's refusal to testify was legitimate, not illusory. By the time that Petitioner testified in January, 2015, the Grand Jury and the Supervising Judge had made several significant findings. On December 18, 2014, the grand jury had already found "reasonable grounds to believe that various violations of the criminal laws occurred" in Presentment No. 60. *See* Exhibit 1D attached to Petition for Review and incorporated herein. The next day, the Supervising Judge accepted the presentment. *See* Exhibit 1E attached to Petition for Review and incorporated herein. On December 30, 2014, the Supervising Judge issued an opinion in which he clarified that reasonable grounds existed that "Attorney General Kane was involved in violations of criminal law of our Commonwealth," including "Obstruction [of] Administration of Law or Other Governmental Function, 18 Pa. C.S.A. § 5101" and referred the entire matter to the District Attorney of Montgomery County for any prosecution. *See* Exhibit 1F attached to the Petition for Review and incorporated herein.

Moreover, the grand jury's findings were no secret to anyone reading a newspaper in the Commonwealth of Pennsylvania, including Petitioner. On January 8, 2015, four days before Petitioner testified, the Philadelphia Inquirer publicly reported that the grand jury and the Special Prosecutor found evidence of wrongdoing and recommended criminal charges against the

5

Attorney General, including perjury and contempt of court. *See* Exhibit 1G attached to the Petition for Review and incorporated herein.

Thus, at the point in the grand jury proceedings in which Petitioner refused to testify, the Supervising Judge had already determined that probable cause existed that the Attorney General had obstructed justice. The Grand Jury's recommendation that charges be brought was widely circulated by the media, despite the secrecy of grand jury proceedings. The fact that Petitioner communicated with the Attorney General in proximity to the dates that he testified before the grand jury could be used as a link in the chain of evidence of that he and the Attorney General had discussed his prior testimony or that the testimony might have been crafted to cast a certain light.

## CONCLUSION

Petitioner's exercise of his constitutional rights under the Fifth Amendment was legitimate and not illusory. For the reasons set forth above, Petitioner respectfully requests this Court find that the lower court abused its discretion and reverse the finding of contempt against Petitioner.

Respectfully Submitted,

Date: January 22, 2015

Catherine M. Recker
Attorney ID No. 56813
Welsh & Recker, P.C.
Suite 2903
2000 Market Street
Philadelphia, PA 19103
215-972-6430

6

# IN THE SUPREME COURT OF PENNSYLVANIA

In re The Thirty-Fifth Statewide
Investigating Grand Jury
(Petition of Joshua Morrow)

Supreme Court of Pennsylvania
No. 176 M.D. Misc. Dkt. 2012

Montgomery County Common Pleas
M.D. 2644-2012

Petition for Review of
Contempt Order and Order Overruling
the Petitioner's Invocation of the
Fifth Amendment Before the
Investigating Grand Jury

## ATTORNEY VERIFICATION

I, Catherine M. Recker, Esq., hereby verify the following:

1. I am an attorney duly admitted to practice in Pennsylvania and before this Court.

2. My office, Welsh & Recker, P.C., is located at 2000 Market Street, Suite 2903, Philadelphia, Pennsylvania 19103.

3. I represent Petitioner Joshua Morrow in this matter, and as such, am fully familiar with the facts and circumstances of this case.

4. This Verification is respectfully submitted in support of Joshua Morrow's Petition for Review of Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment Before the Investigating Grand Jury and the Brief in Support of the Petition for Review of Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment Before the Investigating Grand Jury.

5. I hereby state that the facts set forth in the Petition and the Brief in Support attached thereto are true and correct (or are true and correct to the best of my knowledge, information and belief) and that I expect to be able to prove the same at a hearing held in

this matter. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904.

Dated:      January 22, 2015

Catherine M. Recker
Attorney ID No. 56813
Welsh & Recker, P.C.
Suite 2903
2000 Market Street
Philadelphia, PA 19103
cmrecker@welshrecker.com
215-972-6430

## CERTIFICATE OF SERVICE

I hereby certify that I did on this date serve the foregoing document upon the persons below by first class U.S. Mail, which service satisfies the requirements of Pa. R.A.P. 121:


Honorable William R. Carpenter
Montgomery County Court House
2 East Airy Street
P.O. Box 311
Norristown, PA 19404-0311


Thomas E. Carluccio, Esquire
Special Prosecutor for the Investigating Grand Jury
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19462-2484


Date: January 22, 2015

_____
Catherine M. Recker

UNSEALED PER
ORDER OF THE
COURT DATED
AUGUST 26, 2015

Filed in Supreme Court

JAN 2 2 2015

Middle

# IN THE SUPREME COURT OF PENNSYLVANIA

In re The Thirty-Fifth Statewide
Investigating Grand Jury
(Petition of Joshua Morrow)

Supreme Court of Pennsylvania
No. 176 M.D. Misc. Dkt. 2012

Montgomery County Common Pleas
M.D. 2644-2012

Motion to File Petition for Review of
Contempt Order and Order Overruling
the Petitioner's Invocation of the
Fifth Amendment Before the
Investigating Grand Jury
Under Seal

M.D. Misc. Dkt.

1 8 2015

## MOTION TO FILE UNDER SEAL

Petitioner Joshua Morrow, by and through his counsel, Catherine M. Recker, Esq., hereby moves to file the enclosed Petition for Review of Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment Before the Investigating Grand Jury under seal.

1. Petitioner Joshua Morrow's Petition for Review asks that this Court hold that the Fifth Amendment provided just cause for his refusal to answer certain questions in the grand jury and requests therefore an order reversing the finding of civil contempt.

2. The grand jury proceedings, including the Notes of Testimony of the January 12, 2015 proceedings, are under seal. This Petition for Review, arising out of the grand jury proceedings, should also remain under seal.

Received In Supreme Court

JAN 3 0 2015

Middle

RECEIVED

JAN 2 6 2015

SUPREME COURT
EASTERN DISTRICT

3. The annexed Attorney Verification is respectfully submitted in support of this Motion to File Under Seal.

Respectfully Submitted,

Catherine M. Recker
Attorney ID No. 56813
Welsh & Recker, P.C.
Suite 2903
2000 Market Street
Philadelphia, PA 19103
cmrecker@welshrecker.com
215-972-6430

Counsel for Joshua Morrow

Dated:          January 22, 2015

# IN THE SUPREME COURT OF PENNSYLVANIA

In re The Thirty-Fifth Statewide
Investigating Grand Jury
(Petition of Joshua Morrow)

Supreme Court of Pennsylvania
No. 176 M.D. Misc. Dkt. 2012

Montgomery County Common Pleas
M.D. 2644-2012

Motion to File Petition for Review of
Contempt Order and Order Overruling
the Petitioner's Invocation of the
Fifth Amendment Before the
Investigating Grand Jury
Under Seal

## CERTIFICATE OF SERVICE

I hereby certify that I did on this date serve the foregoing document by U.S. Mail upon the
persons below, which service satisfies the requirements of Pa. R.A.P. 121:

Honorable William R. Carpenter
Montgomery County Court House
2 East Airy Street
P.O. Box 311
Norristown, PA 19404-0311

Thomas E. Carluccio, Esquire
Special Prosecutor for the Investigating Grand Jury
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19462-2484

Date: January 22, 2015

Catherine M. Recker

Received In Supreme Court

JAN 3 0 2015

Middle

RECEIVED

JAN 2 6 2015

SUPREME COURT
EASTERN DISTRICT

## IN THE SUPREME COURT OF PENNSYLVANIA

| | |
|---|---|
| In re The Thirty-Fifth Statewide Investigating Grand Jury (Petition of Joshua Morrow) | Motion to File Petition for Review of Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment Before the Investigating Grand Jury Under Seal |
| Supreme Court of Pennsylvania No. 176 M.D. Misc. Dkt. 2012 | |
| Montgomery County Common Pleas M.D. 2644-2012 | |

### ATTORNEY VERIFICATION

I, Catherine M. Recker, Esq., hereby verify the following:

1.  I am an attorney duly admitted to practice in Pennsylvania and before this Court.

2.  My office, Welsh & Recker, P.C., is located at 2000 Market Street, Suite 2903, Philadelphia, Pennsylvania 19103.

3.  I represent Petitioner Joshua Morrow in this matter, and as such, am fully familiar with the facts and circumstances of this case.

4.  This Verification is respectfully submitted in support of Joshua Morrow's motion to file the enclosed Petition for Review of Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment Before the Investigating Grand Jury under seal.

5.  I hereby state that the facts set forth in this motion are true and correct (or are true and correct to the best of my knowledge, information and belief) and that I expect to be able

Received in Supreme Court

JAN 3 0 2015


Middle

RECEIVED

JAN 26 2015

SUPREME COURT
EASTERN DISTRICT

to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904.

Dated: January 22, 2015

Catherine M. Recker
Attorney ID No. 56813
Welsh & Recker, P.C.
Suite 2903
2000 Market Street
Philadelphia, PA 19103
cmrecker@welshrecker.com
215-972-6430

RECEIVED
2/6/2015
Supreme Court
Middle District

UNDER SEAL

FILED
2/6/2015
Supreme Court
Middle District

UNSEALED PER
ORDER OF THE
COURT DATED
AUGUST 26, 2015

## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

In re The Thirty-Fifth Statewide
Investigating Grand Jury
18 MM 2015
Intermediate Court Docket No:
Trial Court: Montgomery County Court of Common Pleas
Trial Court Docket No: M.D. 2644-2012

### MOTION FOR EXTENDED TIME TO FILE AN ANSWER

Respondent, Thomas E. Carluccio, Esquire, hereby moves to file this enclosed *Motion For Extended Time To File An Answer* to Petitioner's Petition filed above.

1. This motion is filed under seal.

2. Respondent received a notice from the Supreme Court on February 2, 2015 indicating that Petitioners brief would be due in fourteen (14) days to be extended by three (3) days if service was effectuated by mail.

3. Respondent learned today, February 6, 2015, that the answer to the Petitioner is due on February 9, 2015.

4. Respondent is currently in the process of answering a separate brief for the Supreme Court that is due on February 18, 2015.

5. Opposing Counsel for Petitioner, Catherine M. Recker, Esq., has informed Respondent by phone that she does not oppose this motion.

6. Respondent is requesting a three (3) week extension.

Respectfully Submitted,

Thomas E. Carluccio, Esq.
Attorney ID No.: 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19462
(484) 674-2899

Dated: February 6, 2015

cc:     The Honorable William R. Carpenter, Judge
        Catherine M. Recker, Esq.

## IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

In re The Thirty-Fifth Statewide
Investigating Grand Jury
18 MM 2015
Intermediate Court Docket No:
Trial Court: Montgomery County Court of Common Pleas
Trial Court Docket No: M.D. 2644-2012

## ATTORNEY VERIFICATION

I, Thomas E. Carluccio, Esq. hereby verify the following:

1. I am an attorney duly admitted to practice in Pennsylvania and before this Court.

2. My office, is located at Plymouth Greene Office Campus, 1000 Germantown Pike, Suite D-3, Plymouth Meeting, Pennsylvania 19462.

3. This Verification is respectfully submitted in support of my *Motion For Extended Time To File An Answer* Before the Investigating Grand Jury under seal.

4. I hereby state that the facts set forth in this motion are true and correct (or are true and correct to the best of my knowledge, information and belief) and that I expect to be able to prove the same at a hearing held in this matter. I understand that the statements herein are made subject to the penalties of 18 Pa. C.S. § 4904.

Respectfully Submitted,

Thomas E. Carluccio, Esq.
Attorney ID No.: 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19462
(484) 674-2899

Dated: February 6, 2015

SEALED

**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

UNSEALED PER
ORDER OF THE
COURT DATED
AUGUST 26, 2015

In re: The Thirty-Fifth Statewide   :   No. 18 MM 2015
Investigating Grand Jury              :

                                         :

Petition of: Joshua Morrow        :   Application for Extension of Time

                                         :

## ORDER

**AND NOW**, this 9th day of February, 2015, the Special Prosecutor's "Motion for Extension of Time to File an Answer" is **granted** and a response to the Petition for Review shall be filed on or before March 2, 2015.

_____
Deputy Prothonotary

FILED
2/27/2015
Supreme Court
Middle District

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

UNSEALED PER
ORDER OF THE
COURT DATED
AUGUST 26, 2015

In re The Thirty-Fifth Statewide
Investigating Grand Jury
18 MM 2015
Intermediate Court Docket No:
Trial Court: Montgomery County Court of Common Pleas
Trial Court Docket No: M.D. 2644-2012

### MOTION FOR EXTENDED TIME TO FILE AN ANSWER

Respondent, Thomas E. Carluccio, Esquire, hereby moves to file this enclosed *Motion For Extended Time To File An Answer* to Petitioner's Petition filed above.

1. This motion is filed under seal.

2. Respondents answer is due on March 2, 2015.

3. Respondent avers there are pending issues before this court may render this motion either moot or withdrawn.

4. Opposing Counsel for Petitioner, Catherine M. Recker, Esq., has informed Respondent by phone that she does not oppose this motion.

5. In addition, Opposing Counsel for Petitioner, will be out of the county from March 7, 2015 to March 21, 2015.

6. Respondent is currently preparing for argument before The Supreme Court of Pennsylvania on March 11, 2015.

7. Respondent is requesting a four (4) week extension.

Respectfully Submitted,



Thomas E. Carluccio, Esq.
Attorney ID No.: 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19462
(484) 674-2899

Dated: February 27, 2015

cc:    The Honorable William R. Carpenter, Judge
       Catherine M. Recker, Esq.

RECEIVED
2/27/2015
Supreme Court
Middle District

**IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT**

In re The Thirty-Fifth Statewide
Investigating Grand Jury
18 MM 2015
Intermediate Court Docket No:
Trial Court: Montgomery County Court of Common Pleas
Trial Court Docket No: M.D. 2644-2012

**CERTIFICATE OF SERVICE**

      I hereby certify that I did on this date serve the foregoing document by U.S. Mail upon the persons below, which service satisfies the requirements of Pa. R.A.P. 121:

Honorable William R. Carpenter
Montgomery County Court House
2 East Airy Street
P.O. Box 311
Norristown, PA 19404-0311

Catherine M. Recker, Esquire
Welsh & Recker, P.C.
Suite 2903
2000 Market Street
Philadelphia, PA 19103

Dated: February 27, 2015

                                                   Thomas E. Carluccio, Esquire

SEALED

# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

UNSEALED PER
ORDER OF THE
COURT DATED
AUGUST 26, 2015

In re: The Thirty-Fifth Statewide
Investigating Grand Jury

    :   No. 18 MM 2015

Petition of: Joshua Morrow

    :   Application for Extension of Time –
    :   Second Request

## ORDER

**AND NOW**, this 27th day of February, 2015, the Special Prosecutor's "Motion for Extension of Time to File an Answer" is **granted** and a response to the Petition for Review shall be filed on or before March 30, 2015.

_____
Deputy Prothonotary

Filed in Supreme Court

MAR 3 0 2015

Middle

UNDER SEAL

IN RE:

THE 35TH STATEWIDE
INVESTIGATING GRAND JURY

SUPREME COURT OF PENNSYLVANIA
NO. 18 MM 2015
176 M.D. Misc. Dkt. 2012

Montgomery County Court of Common Pleas
M.D. 2644-2012

UNSEALED PER
ORDER OF THE
COURT DATED
AUGUST 26, 2015

---

## Response of the Special Prosecutor in Opposition to the Petition for Review of Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment before the Investigating Grand Jury

Thomas E. Carluccio, Esquire
Attorney I.D. No. # 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19464-2484
(484) 674-2899
Special Prosecutor of Investigating
Grand Jury No. #35

Dated: March 30, 2015

Received in Supreme Court

MAR 3 0 2015

Middle

# RESPONSE OF SPECIAL PROSECUTOR TO THE PETITION FOR REVIEW OF CONTEMPT ORDER AND ORDER OVVERRULING THE PETITIONER'S INVOCATION OF THE FIFTH AMENDMENT BEFORE THE INVESTIGATING GRAND JURY

Thomas E. Carluccio, Special Prosecutor to the Investigating Grand Jury, hereby responds to the Petition for Review of the Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment before the Investigating Grand Jury:

## I.   INTRODUCTION

1. Admitted.

## II.   THE PARTY SEEKING REVIEW

2. Admitted.

## III.   JURISDICTION

3. Admitted.

4. Admitted.

5. Admitted.

6. Admitted.

## IV.   THE COURT BELOW

7. Admitted.

## V.   THE ORDERS TO BE REVIEWED

8. Admitted.

## VI.   STATEMENT OF OBJECTIONS TO THE ORDERS BELOW

9. Denied, as a conclusion of law.

## VII.   THE RELIEF SOUGHT

10. Denied, as a conclusion of law. The Respondent requests that the Contempt Order be upheld. A Brief in support of this response is attached hereto.

WHEREFORE, the Petition for Review of the Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment before the Investigating Grand Jury should be denied.

Thomas E. Carluccio, Esquire
Attorney I.D. No. # 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19464-2484
(484) 674-2899
Special Prosecutor of Investigating
Grand Jury No. #35

3

# VERIFICATION

I, Thomas E. Carluccio, Esquire as Special Prosecutor to the Investigating Grand Jury Number 35 appointed by the Pennsylvania Supreme Court, hereby represent that the averments in the foregoing Response of the Special Prosecutor in Opposition to the Petition for Review of Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment before the Investigating Grand Jury are true and correct to the best of my knowledge, information, and belief. I understand that false statements herein are made subject to penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsifications to authorities.

Dated: <u>March 30, 2015</u>

Thomas E. Carluccio, Esquire
Attorney I.D. No. # 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19464-2484
(484) 674-2899
Special Prosecutor of Investigating
Grand Jury No. #35

4

N RE:

THE 35TH STATEWIDE
INVESTIGATING GRAND JURY

UNDER SEAL

SUPREME COURT OF PENNSYLVANIA
NO. 18 MM 2015
176 M.D. Misc. Dkt. 2012

Montgomery County Court of Common Pleas
M.D. 2644-2012

**UNSEALED PER ORDER OF THE COURT DATED AUGUST 26, 2015**

---

## Memorandum in Support of the Response of the Special Prosecutor in Opposition to the Petition for Review of Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment before the Investigating Grand Jury

### INTRODUCTION

Joshua Morrow, Petitioner, has a filed a Petition for Review of the Contempt Order and Order Overruling the Petitioner's Invocation of the Fifth Amendment and asserts that the Fifth Amendment supports his refusal to answer certain questions in the Grand Jury and requests an order reversing the finding of civil contempt. The Thirty-Fifth Statewide Investigating Grand Jury was convened to investigate whether Grand Jury information from a 2009 Grand Jury was released in violation of the Grand Jury Act. During the course of the Investigating Grand Jury, it was determined that the testimony of Joshua Morrow, a political and campaign consultant to Attorney General Kathleen Kane, would be needed.

As such, a subpoena was issued for Joshua Morrow for testimony on November 21, 2014. A follow-up subpoena was issued for Joshua Morrow for testimony on January 12, 2015 for the purpose of correcting testimony provided on November 21, 2014. Morrow did testify before the

Grand Jury on January 12, 2015, but anytime a question was raised concerning conversations with Attorney General Kane, Morrow invoked the Fifth Amendment.

A hearing was conducted concerning Morrow's invocation of the Fifth Amendment, followed by an *in camera* hearing between the Petitioner's Attorney and the Supervising Judge without the presence of the Special Prosecutor. As a result, the parties presented Arguments to the Grand Jury Supervising Judge William R. Carpenter. At the conclusion of the Argument, Judge Carpenter found Mr. Morrow's exercise of the Fifth Amendment was "illusory and not a proper exercise of the privilege and held Petitioner in contempt." On January 12, 2015 Judge Carpenter stayed the contempt order pending the Petitioner's appeal to this court for review, and on January 22, 2015 a timely Petition was filed with the Pennsylvania Supreme Court requesting that the contempt order be overruled.

## BACKGROUND

On November 21, 2014, Joshua Morrow testified before the Grand Jury. During that testimony Morrow stated that at the end of April [2014], he had brief phone conversation with Attorney General Kane. At the time of that conversation, Morrow testified that Attorney General Kane asked Morrow to call Adrian King but nothing of substance was discussed, and he further stated that did not know what Attorney General was calling about. (T-6,7). Shortly thereafter, Morrow stated he did call Adrian King, who at the time was serving as First Assistant to Attorney General Kane. Morrow testified that, during this initial conversation, Adrian King stated he had some documents he wanted to give to a reporter and that he would call him back. (T-7). Morrow stated that he believes King told him the documents included a transcript and an internal memo (T-9). Morrow stated he went and picked up the documents from King in an unsealed folder. (T-10). Morrow then stated he met with Chris Brennen of the Daily News at his house and gave him the documents removed from the folder. (T-12 to T-15).

6

On January 12, 2015, Morrow again testified before the Grand Jury to correct some previous misstatements he made concerning Adrian King in his testimony on November 21, 2014. Morrow now stated that, upon further reflection and research, he found that there was probably no way that he had a long discussion or a substantial discussion with Adrian King about the documents. (T-16) Morrow now testified that the envelope was sealed, and he did not recall having any discussion about the documents with King and he wanted to correct the record. (T-4 to T-6). However, when Morrow was asked questions concerning his conversations or e-mails with Attorney General Kane, Morrow stated throughout his testimony that, 'on advice of counsel, I respectfully decline to be compelled to be a witness against myself' (T-7). He continued to invoke the Fifth Amendment on any question asked relating to Attorney General Kathleen Kane.

The parties then presented argument to the Grand Jury Supervising Judge, William Carpenter. The Court evaluated whether the invocation of the Fifth Amendment privilege was real or illusory. *Commonwealth v. Long* 533 Pa. 388, 625 A.2d 630 (1993). After such argument the Judge found Petitioner's exercise of the Fifth Amendment was illusory and not a proper exercise of the privilege and held Petitioner in contempt. The court stayed the contempt order while Petitioner appealed to this court for review.

## ARGUMENT

Petitioner assertion of the Fifth Amendment privilege is illusory because there is no crime associated with his answers except Perjury in this proceeding.

"The **witness** is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified." *Hoffman v. United States*, 341 U.S. 479, 486, 71 S.Ct. 814, 95 L.Ed. 1118 (1951). "It is always for the court to

7

judge if the silence is justified, and an illusory claim should be rejected. However, for the court to properly overrule the claim of privilege, it must be perfectly clear from a careful consideration of all the circumstances, that the **witness** is mistaken in the apprehension of self-incrimination and the answers demanded cannot possibly have such tendency." *Id.* See Also, *Commonwealth v. Rolon*, 486 Pa. 573 (1979); *Commonwealth v. Treat*, 848 A.2d 147 (Pa. Super. 2004). The Supervising Judge of the 35th Statewide Investigating Grand Jury made just such a "careful consideration" and determined petitioner's Fifth Amendment claim illusory.

Petitioner claims that since there were charges recommended by the Grand Jury for violations including "Obstruction [of] Administration of Law or Other Governmental Function, 18 Pa. C.S.A. § 5104" that somehow Petitioner could also be implicated in such crimes as a link in the chain since he and Attorney General Kathleen Kane had discussion about these matters. In addition, Petitioner claims to be political/campaign consultant for Attorney General Kane who does not work for or in the Office of Attorney General, and was not a participant in 2009 Grand Jury investigation of J. Wyatt Mondesire.

Petitioner believes that a blanket assertion that he is a "link in the chain" in connecting the leaked documents from the Office of Attorney General to the media is adequate to invoke the privilege. However, the "links in the chain" must involve a chain of criminality for the witness and not just for another. Petitioner has failed to demonstrate how he could possibly be in violation of the Investigating Grand Jury Act, the Criminal History Records Information Act (CHRIA) or any provision of the Pennsylvania Crimes Code as to the release of the OAG emails, memorandums, or transcripts relating to the 2009 Grand Jury Investigation. Any testimony pertaining to these OAG documents would not be incriminating to petitioner; and therefore, the invocation of the Fifth Amendment privilege is illusory. Contrast this to Attorney General Kane

8

who, by virtue of her office, oath and position within the Office of Attorney General (OAG), has a duty and responsibility under, at a minimum, the Criminal History Records Information Act (CHRIA) and the Grand Jury Act to not release such information. These obligations do not extend to Mr. Morrow.

**Petitioner's assertion of the Fifth Amendment privilege is also illusory since he has already placed himself as a link in the chain of evidence.**

Petitioner in his testimony on November 21, 2014 and January 12, 2015 admitted that he was the link in the chain in providing information from Attorney General Kane to the media by delivering documents to a reporter for 'The Philadelphia Daily News' that contained Grand Jury information; specifically, emails, the transcript of OAG Special Agent Michael Milletto (about the Mondesire Grand Jury investigation), and a 2009 internal memorandum from The Office of the Attorney General. As a result, the Petitioner has already admitted under oath that he is a link in the chain of the delivery of the documents. In addition, he testified – albeit in an incomplete and inaccurate manner – about conversations pertaining to the delivery and purpose of these documents. The Petitioner's Admission to being a link in the chain of delivering the documents to 'The Philadelphia Daily News,' and conversations with Attorney General Kathleen Kane could implicate those in the Office of Attorney General who directed the release, but not himself. Petitioner cannot invoke the Fifth Amendment in an effort to shield another from liability. The Petitioner should be compelled to provide pertinent testimony of conversations between the Attorney General and himself as to the delivery of the documents to 'The Philadelphia Daily News.'

9

Petitioner has no right, privilege, or criminal liability; and therefore, Petitioner's testimony should be compelled to testify about his conversation and actions concerning the delivery of documents to 'The Philadelphia Daily News.' The Judge's Contempt Order should not be overruled.

## CONCLUSION

Petitioner's exercise of his constitutional rights under the Fifth Amendment was not legitimate and is illusory. For the reasons set forth above, Respondent respectfully request this Court find that the lower did not abuse its discretion and uphold the finding of contempt against the Petitioner.

Respectfully Submitted,

Date: March 30, 2015

Thomas E. Carluccio, Esquire
Attorney I.D. No. # 81858
Plymouth Greene Office Campus
1000 Germantown Pike, Suite D-3
Plymouth Meeting, PA 19464-2484
(484) 674-2899
Special Prosecutor of Investigating
Grand Jury No. #35

10

**SEALED**

**UNSEALED PER ORDER OF THE COURT DATED AUGUST 26, 2015**

**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

IN RE: THE THIRTY-FIFTH STATEWIDE : No. 18 MM 2015
INVESTIGATING GRAND JURY :
:
:
:
PETITION OF: JOSHUA MORROW :

## ORDER

**PER CURIAM**

    **AND NOW**, this 18th day of May, 2015, the Application to File Under Seal is **GRANTED**, and the Petition for Review is **DENIED**.